IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION


MARY A. HILL,                      :
                                   :
     Plaintiff,                    :
                                   :
v.                                 :          CIVIL ACTION 08-0088-M
                                   :
MICHAEL J. ASTRUE,                 :
Commissioner of                    :
Social Security,                   :
                                   :
     Defendant.                    :


MEMORANDUM OPINION AND ORDER


     In this action under 42 U.S.C. §§ 405(g) and 1383(c)(3),

Plaintiff seeks judicial review of an adverse social security

ruling which denied claims for disability insurance benefits and

Supplemental Security Income (hereinafter *SSI*) (Docs. 1, 12).

The parties filed written consent and this action has been

referred to the undersigned Magistrate Judge to conduct all

proceedings and order the entry of judgment in accordance with 28

U.S.C. § 636© and Fed.R.Civ.P. 73 (*see* Doc. 20).  Oral argument

was waived in this action (Doc. 22).  Upon consideration of the

administrative record and the memoranda of the parties, it is

**ORDERED** that the decision of the Commissioner be **REVERSED** and

that this action be **REMANDED** for further administrative

procedures not inconsistent with the Orders of this Court.

     This Court is not free to reweigh the evidence or substitute

its judgment for that of the Secretary of Health and Human Ser-vices, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richard-son v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time she filed her applications, Plaintiff was thirty-six years old (Doc. 11), had completed an eleventh-grade education (Tr. 204), and had previous work experience as a cook, cashier, waitress, sales clerk, and laborer (Tr. 41). In claiming benefits, Plaintiff alleges disability due to depression and mild mental retardation (Doc. 11).

The Plaintiff filed applications for disability insurance benefits and SSI on September 15, 2005 (*see* Tr. 7E).[1] Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that Hill had the ability to return to her past relevant work as a waitress, cashier, and sales person (Tr. 7B-7M). Plaintiff requested review of the hearing decision (*see* Tr. ii, 7A) by the Appeals Council, but it was denied (Tr. 4-7).

Plaintiff claims that the opinion of the ALJ is not

---

[1]The applications are not in the record (*see* Doc. 11, ¶¶ 2-3).

supported by substantial evidence.  Specifically, Hill alleges

that:  (1) She meets the requirements for Listing 12.04; (2) the

ALJ failed to obtain a residual functional capacity assessment by

an examining source; and (3) the Appeals Council failed to

properly consider new evidence submitted to it (Doc. 12).

Defendant has responded to—and denies—these claims (Doc. 14).

The Court notes that Plaintiff, at the outset of the

argument of her claims, specifically notes particular instances

where the ALJ misinterpreted the medical records (Doc. 12, pp. 7-

8).  Noting that the Defendant has not addressed any of those

mistakes in his brief—or the conclusions which the ALJ drew from

them (*see* Doc. 15)—the Court will address those errors first.

The Court notes that all of the misinterpretations come from

records generated by the West Alabama Mental Health Center

(hereinafter *West Alabama*).  The first mistake is the ALJ's

characterization of a diagnosis that Hill suffers from a "major

depressive disorder, single episode without atypical features"

(Tr. 7I) though the actual diagnosis was "major depressive

disorder, single episode *with* atypical features" (Tr. 102).  In a

second misreading, records reported that Plaintiff had stated

that she was "coping okay with stressors" (Tr. 168) while the ALJ

summarized it as "coping OK without stressors" (Tr. 7J).  In the

third instance, the ALJ stated that Plaintiff was "noted to be

better with good sleep without medications" (Tr. 7J), although

the actual records reflect that sleep improved *after taking*
medication (Tr. 200).  In the fourth mischaracterization of the
medical evidence, the ALJ indicated that Hill "was discharged
[from West Alabama] on September 21, 2006 with measurable
improvement and completion of goals" (Tr. 7K) even though the
evidence actually shows that "measurable improvement/completion
of goals" was listed as one of the discharge criteria for the
Treatment Plan developed for Hill (Tr. 166); records show that
Plaintiff was still receiving treatment from West Alabama as of
May 15, 2007 (Tr. 189), nearly eight months beyond the date the
ALJ stated that she had been discharged.

The Court further notes that the ALJ discredited some of the
evidence of record as it was in conflict with the evidence from
West Alabama, which he gave greater weight (Tr. 7K-L).  In that
discussion, the ALJ again noted that Hill "was released from the
West Alabama Mental Health Care program in September 2006 as she
had obtained her goals and was noted to have measurable
improvement" (Tr. 7L).

The Court finds that the ALJ's decision is not supported by
substantial evidence.  Having made these four errors, with each
error reversing the substantive meaning of the medical record
being cited, and then relying on the misstatements in reaching
the ultimate conclusion concerning Hill's assertions of
disability, the ALJ has rendered a decision which, at best, must

4

be characterized as suspect.  This Court cannot say that the decision is supported by substantial evidence.

Therefore, it is **ORDERED** that the action be **REVERSED** and **REMANDED** to the Social Security Administration for further administrative proceedings consistent with this opinion, to include, at a minimum, a supplemental hearing for the gathering and consideration of all available medical evidence.  Judgment will be entered by separate Order.

DONE this 26th day of September, 2008.


                                   s/BERT W. MILLING, JR.
                                   UNITED STATES MAGISTRATE JUDGE